UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BRUCE HUBBARD,**<br><br>　　Plaintiff,<br><br>v.<br><br>**SWIFT TRANSPORTATION CO OF ARIZONA, LLC,**<br>**MILLWOOD, INC.,**<br>**NIAGARA BOTTLING, LLC,**<br>**CHEP USA**<br><br>　　Defendants. | Case No. 18-CV-329 |

## PROTECTIVE ORDER

IT IS HEREBY ORDERED, based on the stipulation and request of the parties and good cause having been shown, pursuant to Fed. R. Civ. P. 29(b), that the following Protective Order shall govern all discovery and other proceedings in this action.

## DEFINITIONS

As used in this Protective Order, the terms described below should be understood to have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit

# ORDER

1.  A Party may designate a document Confidential, to protect information within the scope of Fed. R. Civ. P. 26(c).

2.  All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph. Any other use is prohibited.

3.  Access to any Confidential document shall be limited to:

    (a) the Court and its staff;

    (b) Attorneys, their law firms, and their Outside Vendors;

    (c) persons shown on the face of the document to have authored or received it;

    (d) court reporters retained to transcribe testimony;

    (e) the parties;

    (f) outside independent persons. (i.e., persons not currently or; formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

4.  Third parties producing documents in the course of this action may also designate documents as Confidential, subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as Confidential for a period of 14 days from the date of their production, and during that period any party may designate such documents as Confidential pursuant to the terms of the Protective Order.

5.  Each person appropriately designated pursuant to paragraph 3(f) to receive

Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure of any Confidential information pursuant to paragraph 3(f). Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party receiving notice under this paragraph objects to the disclosure of Confidential information, that party shall file a motion for protective order with the Court within 14 days of receiving said notice. No disclosure to persons identified in paragraph 3(f) shall be made during the pendency of a motion for protective order filed pursuant to this paragraph.

6. All depositions or portions of depositions taken in this action that contain confidential information may be designated Confidential and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as Confidential during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

7. Any party who inadvertently fails to identify documents as Confidential shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly designated documents shall make reasonable efforts to retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

8. If a party files a document containing Confidential information with the Court, it

shall do so in compliance with the Electronic Case Filing Procedures for the Eastern District of Wisconsin. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

9. Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

10. Within 60 days of the termination of this action, including any appeals, each party shall have the right to request and require any other party to return or destroy all "Confidential" documents, all copies of "Confidential" documents, and all extracts and/or data taken from "Confidential" documents. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action. The party requesting return or destruction under this paragraph shall bear the expense of such return or destruction.

11. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

12. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

13. The obligations imposed by the Protective Order shall survive the termination of this action.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 14th day of March, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge